# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2013

No. 12-60623
c/w No. 12-60686
Summary Calendar

Lyle W. Cayce
Clerk

CRYSTAL N. FINNIE,

Plaintiff–Appellant,

v.

LEE COUNTY, MISSISSIPPI and JIM H. JOHNSON, Sheriff of Lee County, Mississippi, in his Official Capacity,

Defendants–Appellees.

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 1:10-CV-64

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff Crystal N. Finnie (Finnie) appeals the district court's grant of judgment as a matter of law in favor of her former employer, Lee County, Mississippi, and Sheriff Jim Johnson (collectively, Defendants) on her Title VII retaliation claim. Defendants cross-appeal the district court's grant of Finnie's *Batson* challenge to Defendants' use of a peremptory strike. Because Finnie

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to introduce sufficient evidence at trial to allow a reasonable juror to conclude that a retaliatory motive was the "but-for" cause of her termination, we affirm the district court's grant of judgment as a matter of law and dismiss Defendants' cross-appeal as moot.

After working as a correctional officer at the Lee County Detention Center for nearly four years, Finnie became an adherent of the Pentecostal Church, which teaches that women may not wear "clothing pertaining to a man's garments," such as pants. Finnie had previously worn the shirt and pants issued by the county as the Sheriff's Department's policies require. Following her conversion, Finnie inquired whether she would be able to wear a skirt in lieu of pants. Sheriff Johnson had on prior occasions waived other Department policies, such as the requirement that employees be 21 years of age. After a series of discussions, however, Sheriff Johnson informed Finnie on March 16, 2008, that she would have to wear pants or resign. Finnie thereafter took accrued vacation leave, contacted an attorney, and filed a charge with the Equal Employment Opportunity Commission (EEOC). That April, as Finnie neared the end of her accrued vacation days, she met with Sheriff Johnson to "see where everything st[ood]." During the course of this meeting, the following exchange took place:

> Johnson: Well, you have completely failed to follow one of the policies that we have set forth here. You don't work here anymore.
>
> Finnie: How have I failed to meet the policies?
>
> Johnson: You are not following the policy on my dress code. It is your choice that you chose not to follow it. So I have tried to work with you every way I could, to give you an opportunity to follow that policy and come back [to] work and you, for whatever reason, have chose [sic] not to do that.

Finnie:     Whatever reason?  Because it's my religion?[1]

Johnson:   And you have filed an EEOC grievance against us. You've got it in the court process and we'll let it run its course.

Thereafter, Finnie filed suit, alleging that her termination violated her First Amendment rights, constituted unlawful gender and religious discrimination under Title VII of the Civil Rights Act of 1964, and amounted to unlawful retaliation under Title VII.  The district court granted summary judgment in favor of Defendants on the First Amendment claims as well as the gender and religious discrimination claims.  Those decisions are not before us on appeal.

Although the district court initially denied Defendants' motion for summary judgment on the retaliation claim, at trial, it granted Defendants' motion for judgment as a matter of law after Finnie rested.  In its oral opinion, the district court relied upon *Smith v. Xerox Corp.*,[2] in which this court held that a plaintiff may prove a violation of Title VII by showing that her taking of a protected action, such as the filing of a claim with the EEOC, was "a motivating or substantial factor in the employer's decision" to take adverse action against her.[3]  Applying this framework, the district court held that Finnie failed to carry her burden of showing that "a reasonable juror could find that the EEOC charge . . . could have been the motivating factor or even a motivating factor" in the decision to terminate her employment.  The district court acknowledged that Sheriff Johnson mentioned Finnie's EEOC charge at the meeting at which he

---

[1] The parties dispute whether Finnie was responding by means of a question or instead proffering the reason why she refused to wear pants. Because this court must "draw all reasonable inferences in favor of the nonmoving party," *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000), we assume that Finnie's response was in the form of a question.

[2] 602 F.3d 320 (5th Cir. 2010), *abrogated by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S.—, 133 S. Ct. 2517 (2013).

[3] *Smith*, 602 F.3d at 326, 330 (internal quotation marks omitted).

ultimately informed her of her termination. Nonetheless, the district court reasoned that this was insufficient to allow a reasonable juror to conclude that the charge was a motivating factor because Sheriff Johnson had definitively and conclusively determined on March 16, 2009, before the EEOC charge was filed, that Finnie could only remain employed if she agreed to wear pants.

Following Finnie's timely appeal, this case was held in abeyance pending the Supreme Court's resolution of *University of Texas Southwestern Medical Center v. Nassar*.[4] In resolving that case, the Supreme Court abrogated the *Xerox* framework on which the district court had based its decision, holding that "Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . . This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."[5] Based on this framework, we review the district court's holding.

This court reviews "de novo a trial court's decision on a Rule 50(a) motion for judgment as a matter of law, viewing all of the evidence 'in the light and with all reasonable inferences most favorable to the party opposed to the motion.'"[6] Judgment as a matter of law is properly granted "if the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not have arrived at a contrary verdict."[7]

To establish a *prima facie* case for retaliation, a plaintiff must present sufficient evidence to show that: "(i) [s]he engaged in a protected activity, (ii) an adverse employment action occurred, and (iii) there was a causal link between

---

[4] 570 U.S.—, 133 S. Ct. 2517 (2013).

[5] *Nassar*, 133 S. Ct. at 2533.

[6] *MGE UPS Sys., Inc. v. GE Consumer and Indus., Inc.*, 622 F.3d 361, 365 (5th Cir. 2010) (quoting *Resolution Trust Corp. v. Cramer*, 6 F.3d 1102, 1109 (5th Cir. 1993)).

[7] *Homoki v. Conversion Serv., Inc.*, 717 F.3d 388, 395 (5th Cir. 2013).

the protected activity and the adverse employment action."[8] Defendants concede that Finnie engaged in a protected activity by filing a charge with the EEOC and that the termination of her employment was an adverse employment action. To meet the third prong, *Nassar* requires that Finnie provide sufficient evidence to allow a reasonable juror to conclude that her filing of an EEOC claim was the "but-for" cause of her termination, that, had she not filed the claim, she would have remained in her position at the Lee County Detention Center.[9]

The evidence Finnie introduced at trial is insufficient to meet this burden. Even assuming, as we must, that Finnie had yet to be terminated when she went into the April meeting with Sheriff Johnson, that Johnson's demeanor at that meeting indicated he was angered by the EEOC charge, and that Johnson referenced the EEOC charge as one of the reasons for her termination, Finnie has failed to provide any evidence that she would not have been terminated in any event. The record contains uncontroverted evidence that on March 16, 2008, before Finnie even consulted an attorney and before she filed a charge with the EEOC, Sheriff Johnson definitively and conclusively informed Finnie that her employment would be terminated if she failed to wear pants to work.

Finnie argues that a reasonable juror could conclude that Sheriff Johnson could have changed his mind in the absence of the EEOC charge since he had previously waived other requirements. But she has introduced no evidence to allow a reasonable juror to conclude that Sheriff Johnson was considering changing his position or that he had previously changed positions on other matters after making similarly definitive determinations. The uncontroverted evidence indicates instead that Sheriff Johnson initially deliberated over the course of a number of months and that, after receiving a final confirmatory phone call, he reached a conclusive determination. Thus, a reasonable juror

---

[8] *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012).

[9] *Nassar*, 133 S. Ct. at 2533.

could not conclude that Finnie would have remained employed had she not filed a claim with the EEOC.

In light of this determination, Defendants' cross-appeal, asking this court to review the district court's grant of Finnie's *Batson* challenge, is moot and thus outside the jurisdiction of this court. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"[10] Since our decision to affirm the trial court's directed verdict disposes of plaintiff's lawsuit, the issue of whether the district court erred in disallowing Defendants' peremptory challenge is no longer live and Defendants lack a legally cognizable interest in it. Furthermore, in contrast to Defendants' assertions, this issue does not fall into the "capable of repetition, but evading review" exception because Defendants have not demonstrated that there is a "reasonable expectation that the same complaining party would be subjected to the same action again."[11]

\*     \*     \*

For the foregoing reasons, we AFFIRM the judgment of the district court and DISMISS Defendants' cross-appeal as moot.

---

[10] *Already, LLC v. Nike, Inc.*, 568 U.S.—, 133 S. Ct. 721, 726 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*)).

[11] *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).